JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| SHARON GRIGGS and HEZEKIAH GRIGGS, JR., as Co-Administrators Ad Prosequendum of the Estate of HEZEKIAH GRIGGS III, and Individually | SWIFT TRANSPORTATION CO., INC., SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, JOHN DOES (1-10) and ABC CORPS (1-10) |

**(b)** County of Residence of First Listed Plaintiff    Essex, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Maricapa, AZ
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
MORELLI LAW FIRM PLLC
777 Third Avenue, 31th Floor
New York, New York 10017 (212) 751-9800

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1   U.S. Government Plaintiff | ☐ 3   Federal Question *(U.S. Government Not a Party)* |
| ☐ 2   U.S. Government Defendant | ☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☒ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Court has original jurisdiction over this action under 28 U.S.C. § 1332

Brief description of cause:
This action arises out of a motor vehicle accident

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE   12/21/17

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SHARON GRIGGS** and **HEZEKIAH GRIGGS, JR.,** as Co-Administrators Ad Prosequendum of the Estate of **HEZEKIAH GRIGGS III**, and Individually | **COMPLAINT** |
| **Plaintiffs,** | **Docket No.** |
| v. | **PLAINTIFFS DEMAND A TRIAL BY JURY** |
| **SWIFT TRANSPORTATION CO., INC., SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, JOHN DOES (1-10) and ABC CORPS (1-10) Defendants.** | |

Plaintiffs Sharon Griggs and Hezekiah Griggs, Jr. as Co-Administrators Ad

Prosequendum of the Estate of Hezekiah Griggs, III, and individually, by their attorneys Morelli

Law Firm, PLLC and Markman & Cannan, LLC respectfully allege as follows:

## NATURE OF THE CASE

1.     This is a civil action for the personal injuries and wrongful death of 28 year-old

Hezekiah Griggs, III against Swift Transportation Co., Inc. and Swift Transportation Co. of

Arizona, LLC (collectively, "Swift" or "Defendants"). This action arises out of a motor vehicle

accident that occurred on December 22, 2016 on Interstate 95 highway in Jacksonville, Florida,

in which a Swift tractor-trailer, operated by Kenty Verdier in the course of his employment with

Swift, collided with the rear of the stopped rental car that Mr. Griggs, III was operating. The

Defendants' negligence was a substantial contributing factor in causing Mr. Griggs, III's injuries

and death.

## PARTIES

2.      Plaintiff Sharon Griggs is an individual and citizen of the State of New Jersey, and resides in the city of East Orange, County of Essex County. Ms. Griggs is the mother of the late Mr. Griggs, III. Ms. Griggs was duly qualified and appointed as Co-Administrator Ad Prosequendum for the Estate of Hezekiah Griggs, III along with Mr. Griggs III's father, Hezekiah Griggs, Jr., by the Passaic County New Jersey Surrogate's Court. Ms. Griggs previously lived in Passaic County, NJ, and now resides in Essex County, NJ.

3.      Plaintiff Hezekiah Griggs, Jr. is an individual and citizen of North Carolina, and resides in the city of Charlotte, county of Mecklenburg. Mr. Griggs, Jr. is the father of the late Mr. Griggs, III. Mr. Griggs, Jr. was duly qualified and appointed as Co-Administrator Ad Prosequendum for the Estate of Hezekiah Griggs, III along with Mr. Griggs III's mother, Sharon Griggs, by the Passaic County New Jersey Surrogate's Court.

4.      Defendant Swift Transportation Co., Inc. is a corporation organized under the laws of the State of Arizona with its principal place of business located in Phoenix, Arizona. According to its own website, Swift is "unquestionably the largest full-truckload motor carrier in North America." Swift operates nearly 20,000 trucks, has over forty full-service facilities in both the United States and Mexico, maintains a presence in every Canadian province and generates over $4 billion in revenue per year. Swift hauls freight for large companies such as Walmart, Fed Ex, Target, Rite Aid and Lowe's. The company is registered to do business in the state of New Jersey. Additionally, Swift maintains a facility in Middlesex County, NJ.

5.      Defendant Swift Transportation Co. of Arizona, LLC is a limited liability company registered in Delaware with its principal place of business located in Phoenix, Arizona, and whose members are domiciled in Arizona. The company is registered to do business in the

2

State of New Jersey. Swift Transportation Co. of Arizona, LLC was the registered owner of the Swift truck that collided with Mr. Griggs, III's rental car.

6.      Defendants John Does (1-10) and ABC Corps. (1-10) are fictitious names of individuals and companies who may have been involved in and/or responsible for the subject accident and Plaintiffs' injuries, but are as yet unknown or not necessarily yet germane to the allegations alleged in this complaint.

## VENUE AND JURISDICTION

7.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that the amount of controversy exceeds seventy five thousand dollars ($75,000) and Plaintiffs are citizens of states which are different from the states where Defendants are incorporated and have their principal places of business.

8.      Venue is proper in this district, because Mr. Griggs, III was a resident of Passaic, NJ, at the time of his accident and death. Mr. Griggs's mother, who is serving as Co-Administratrix of the estate, is also a resident of Passaic, NJ. Much of Mr. Griggs, III's family resides in New Jersey, including several of his siblings. The Order appointing Mr. Griggs, Jr. and Ms. Griggs as Administrators Ad Prosequendum were obtained in the Passaic County Surrogate's Court, and upon resolution of this case, the Passaic County Surrogate's Court will be charged with settling Mr. Griggs, III's estate. Mr. Griggs, III's work was based in New Jersey. In and around the time of his accident, Mr. Griggs, III was visiting Florida, and at the time of the accident, he was on his way to the airport to travel home to spend the Christmas holiday with his family in New Jersey.

## FACTUAL ALLEGATIONS

9.      Hezekiah Griggs, III was an impressive and innovative young man, who at just 28 years-old was an accomplished entrepreneur, author, media mogul, humanitarian and motivational speaker.

10.      Mr. Griggs, III graduated from Passaic High School, where he served as president of the student senate.

11.      While in High School, Mr. Griggs, III launched his first media outlet, a magazine titled TRUE, which stood for "Teens Reaching for a Unified Era," and was targeted at youth in the Tri-State area.

12.      Mr. Griggs, III attended Rutgers University, and left to start his own media group, HG3 Media.

13.      Mr. Griggs, III authored books, including science fiction books.

14.      Mr. Griggs, III ran summer camps where he would guide young African Americans on the path to college.

15.      At age 23, Mr. Griggs, III was selected to visit the White House as part of a Young Business Entrepreneurs initiative.

16.      In 2016, Mr. Griggs was Managing Partner and CEO of H360 Capital.

17.      Mr. Griggs, III received awards from many organizations across the country, including the "Legend in the Making" award at the 55th Anniversary of the Montgomery Bus Boycott, and awards from Optimists International, AME Churches and the NAACP.

18.      At the time of his accident, Mr. Griggs, III was visiting Jacksonville, FL to investigate opening a non-denominational church in the area.

## The Accident

19.     On December 22, 2016, Mr. Griggs, III was in a rental car heading from Jacksonville, FL to Orlando, FL to fly back home to New Jersey to spend the holidays with his family.

20.     While traveling Southbound on Interstate 95 on the way to the Orlando Airport, Mr. Griggs, III's vehicle was caused to be stopped in the designated area separating the right lane of the highway and the exit lane at the Old Saint Augustine Road exit. Mr. Griggs, III activated the emergency hazard lights on his vehicle.

21.     On December 22, 2016 Kenty Verdier was employed by Swift and was operating a Swift tractor-trailer Southbound on I-95 in Jacksonville, FL.

22.     At approximately 12:34AM, Mr. Verdier was operating the tractor-trailer in the exit lane of Interstate 95 Southbound at an accelerated rate of speed.

23.     Just before he reached the exit, Mr. Verdier realized that he was mistakenly in the exit lane, rather than the right lane of the highway, and swerved the Swift tractor-trailer left to remain on the highway.

24.     When Mr. Verdier made this maneuver, he failed to see Mr. Griggs, III's vehicle, with its hazard lights on, right in front of him in the area between the right lane and the exit at Old Saint Augustine Road.

25.     Mr. Verdier failed to slow down, and his Swift tractor-trailer collided with the rear of Mr. Griggs, III's rental car at an accelerated rate of speed.

26.     As a result of this collision, Mr. Griggs was caused to suffer severe and devastating personal injuries including, but not limited to blunt trauma to his head and neck.

27.     Eventually, Mr. Griggs, III succumbed to his injuries and passed away.

28.    Mr. Griggs, III's death was felt deeply in the City of Passaic. In fact, earlier this year the City of Passaic named a basketball court in Benson Park after Mr. Griggs, III in his honor.

## FIRST COUNT
## NEGLIGENCE

29.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

30.    On or about December 22, 2016, Mr. Griggs, III was operating a rental car on Interstate 95 highway in Jacksonville, FL.

31.    On or about December 22, 2016, Mr. Griggs, III was stopped in the designated area between the right lane of Interstate 95 and the exit lane at Old Saint Augustine Road, with the vehicle's emergency hazard lights on.

32.    On or about December 22, 2016, Kenty Verdier was operating a Swift tractor-trailer, in the course of his employment by Swift, on Interstate 95 in Jacksonville, FL.

33.    On or about December 22, 2016, Mr. Verdier was operating the Swift tractor-trailer in the exit lane of Interstate 95 Southbound near Old Saint Augustine Road at an accelerated rate of speed, when just before the exit, he swerved left to change into the outermost lane of Interstate 95.

34.    When Mr. Verdier performed the above-referenced maneuver, he failed to see Mr. Griggs, III's rental car, which was stopped with its hazard lights on, and accordingly caused the Swift tractor-trailer to collide with the read of Mr. Griggs, III's rental car.

35.    Swift was careless and negligent in the ownership and operation of its tractor-trailer, which resulted in the aforementioned collision.

36.     As a direct and proximate result of said collision, Mr. Griggs, III was caused to suffer severe and devastating personal injuries, and his ultimate death.

## SECOND COUNT
## WRONGFUL DEATH

37.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

38.     Mr. Griggs, III is survived by his parents, Hezekiah Griggs, Jr. and Sharon Griggs.

39.     As a result of Mr. Griggs, III's death, his parents have suffered and will continue to suffer significant damages including, but not limited to loss of financial support, loss of companionship, comfort, love and guidance and lost household services and expenses related to Mr. Griggs, III's death.

40.     Plaintiffs Hezekiah Griggs, Jr. and Sharon Griggs bring this action as both Co-Administrators Ad Prosequendum and personally, and claim all recoverable wrongful death benefits and damages on behalf of themselves and all other persons entitled to recover under the law.

## THIRD COUNT
## SURVIVAL

41.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

42.     Plaintiffs Hezekiah Griggs, Jr. and Sharon Griggs, as both Co-Administrators Ad Prosequendum and personally claim on behalf of the Estate of Hezekiah Griggs, III all damages suffered by the Estate by reason of the death of Hezekiah Griggs, III, including but not limited to the following: the severe injuries Hezekiah Griggs, III sustained during his death; the anxiety,

7

emotional distress, fear of death, pain, suffering and other intangible losses which Mr. Griggs, III suffered prior to his death; the loss of future earning capacity suffered by Mr. Griggs, III from the date of his incapacitating injuries until the time in the future that he would have lived had he not died as a result of his injuries; and the total limitation and deprivation of his normal activities, pursuits and pleasures as a result of the injuries sustained by reason of the negligence, carelessness and recklessness of defendants.

43.     Plaintiffs Sharon Griggs and Hezekiah Griggs, Jr. bring this action on behalf of the Estate of Hezekiah Griggs, III, deceased, and claim all survival benefits and damages on behalf of the Estate, themselves and any other persons entitled to recover under the law.

## DEMAND FOR A JURY TRIAL

Plaintiffs hereby demand a jury trial as to all issues so triable as a matter of right, pursuant to F.R.C.P. 38(b)(1) and 38(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand upon Defendants:

        a.     actual, compensatory and statutory damages;

        b.     punitive damages as allowed by law;

        c.     pre and post-judgment interest as allowed by law;

        d.     injunctive relief;

        e.     an award of attorneys' fees as allowed by law;

        f.     an award of taxable costs; and

        g.     any and all such further relief as this Court deems just and proper.

2 of 10

**MORELLI LAW FIRM, PLLC**

By:

David T. Sirotkin
D.N.J. Bar ID: DS4863
dsirotkin@morellilaw.com

Benedict P. Morelli
N.Y. Bar No.: 1060441
bmorelli@morellilaw.com

777 Third Avenue, 31st Floor
New York, New York 10022
Tel:  (212) 751-9800
Fax: (212) 751-0046

**MARKMAN & CANNAN, LLC**

By: Alan J. Markman
Alan J. Markman
D.N.J Bar ID: 005341994
amarkman@markmancannanlaw.com

By: Robert R. Cannan
Robert R. Cannan
D.N.J Bar ID: 011531993
rcannan@markmancannanlaw.com

391 Franklin Street
Bloomfield, NJ 07003
Tel.: (973) 748-2100
Fax: (973) 748-5965

Attorneys for Plaintiffs

Date: December 21, 2017