# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHARON GRIGGS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SWIFT TRANSPORTATION CO., INC., et al.,<br><br>    Defendants. | Civil Action<br><br>2:17-cv-13480-MCA-SCM<br><br>**OPINION ON DEFENDANT SWIFT TRANSPORTATION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE, AND FORUM NON CONVENIENS, OR TRANSFER**<br><br>**[D.E. 4]** |

**STEVEN C. MANNION**, United States Magistrate Judge.

    Before this Court are Defendants Swift Transportation Co., Inc. ("Swift Transportation") and Swift Transportation Co. of Arizona, LLC's ("Swift Arizona") (collectively "Swifts") motion to dismiss for lack of personal jurisdiction, improper venue, and forum *non conveniens*, or in the alternative for transfer pursuant to Section 1631.[1] The Court has reviewed the parties' respective submissions. For the reasons set forth herein, the Court *sua sponte* transfers this case to Middle District of Florida under Section 1406[2] and accordingly, terminates the Swifts' motion to dismiss as **MOOT**.

---

[1] (ECF Docket Entry ("D.E.") 4-1, Defs.' Br.) Unless indicated otherwise, the Court will refer to documents by their docket entry number and the *page numbers* assigned by the Electronic Case Filing System; 28 U.S.C. § 1631.

[2] 28 U.S.C. § 1406.

I.  **BACKGROUND & PROCEDURAL HISTORY**[3]

Plaintiffs Sharon Griggs ("Ms. Griggs") and Hezekiah Griggs, Jr. ("Mr. Griggs") brought this personal injury and wrongful death action against the Swifts following the death of their son, Hezekiah Griggs III ("Mr. Griggs III").[4] Ms. Griggs is a citizen of New Jersey,[5] and Mr. Griggs is a citizen of North Carolina.[6] According to the Complaint, Swift Transportation is a citizen of Arizona.[7] Swift Arizona is also a citizen of Arizona.[8]

On December 22, 2016, Mr. Griggs III was driving from Jacksonville, Florida, to the Orlando Airport and stopped in a designated area.[9] Kenty Verdier ("Mr. Verdier"), an employee of Swift Arizona, drove a Swift Arizona tractor-trailer[10] and collided with the rental car, killing Mr. Griggs III at the scene.[11] Florida authorities investigated the scene, conducted Mr. Griggs III's autopsy, and compiled a report of the accident.[12]

---

[3] The Court relies upon the allegations set forth within the pleadings and motion record for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[4] (D.E. 1, Compl., at ¶ 1).

[5] (D.E. 1, Compl., at ¶ 2).

[6] (D.E. 1, Compl., at ¶ 3).

[7] (D.E. 1, Compl., at ¶ 4; D.E. 4-1, Defs.' Br., at 9) (Swift Arizona alleges Swift Transportation did not exist at the time of Mr. Griggs's death and that it does not exist today, but for the purposes of this motion, the Court will take the allegations of the Complaint as true).

[8] (D.E. 1, Compl., at ¶ 5).

[9] (D.E. 1, Compl., at ¶¶ 19–20).

[10] (D.E. 1, Compl., at ¶¶ 22, 25).

[11] (D.E. 1, Compl., at ¶¶ 24, 27; D.E. 4-1, Defs.' Br., at 7).

[12] (D.E. 4-5, Ex. C, Investigation Report; D.E. 4-7, Ex. E, Medical Report).

Swift Arizona argues, among other things, that venue is improper because the Court cannot exercise personal jurisdiction over it, and because a "substantial part of the events . . . giving rise to the claim" did not occur in New Jersey.[13] In response, Mr. and Ms. Griggs argue the Court may exercise personal jurisdiction over the Swifts because the Swifts are large property owners and employers in New Jersey.[14]

## II. MAGISTRATE JUDGE AUTHORITY

Magistrate judges may decide motions to transfer because they are non-dispositive.[15] The decision to grant or deny an application for transfer is discretionary.[16] If a party appeals the decision, the district court must affirm the decision unless it is "clearly erroneous or contrary to law."[17]

## III. LEGAL STANDARD

Under our jurisprudence, Section 1391(b) governs where venue is proper and states that a party may bring a civil action in:

---

[13] 28 U.S.C. § 1391(b)(2); (D.E. 4-1, Defs.' Br., at 11, 16).

[14] (D.E. 7, Pls.' Opp'n, at 5).

[15] See e.g., *Job Haines Home for the Aged v. Young*, 936 F. Supp. 223 (D.N.J. 1996). See also *Blinzler v. Marriott Int'l, Inc.*, 857 F. Supp. 1, 2 (D.R.I. 1994) (§ 1404(a) motion to transfer is non-dispositive); *Searcy v. Knostman*, 155 B.R. 699, 702 (S.D.Miss.1993) (transfer motion is non-dispositive); *Holbrook v. Pols*, No. 1:17-CV-186, 2018 WL 558929, at *1 (S.D. Ohio Jan. 25, 2018) (same); *Stalwart Capital, LLC v. Warren St. Partners, LLC*, No. 11-5249, 2012 WL 1533637, at *1 (D.N.J. Apr. 30, 2012) (treating transfer under Section 1406 as non-dispositive).

[16] *See Cadapult Graphic Sys. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000) (citations omitted).

[17] *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004) (citations omitted).

3

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[18]

With regard to venue based on residence, a defendant resides wherever the court may exercise personal jurisdiction over the defendant.[19] The plaintiff bears the burden of showing that personal jurisdiction is proper.[20]

Courts may exercise personal jurisdiction under the theories of general jurisdiction or specific jurisdiction.[21] A defendant is subject to general jurisdiction when that defendant has "continuous and systematic" contacts in the forum state.[22] When such systematic and continuous contacts are present, a court may "justify suit against [the corporation] on causes of action arising from dealings entirely distinct from those activities."[23] Courts require "extensive and persuasive" facts to establish general jurisdiction; a much higher standard than mere minimum contacts with

---

[18] 28 U.S.C. § 1391(b).

[19] *See* 28 U.S.C. § 1391(c)(2).

[20] *See Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2007).

[21] *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

[22] *Id.* at 415.

[23] *Daimler AG v. Bauman*, 571 U.S. 117, 149 (2014) (quoting *Int'l Shoe v. Wash.*, 326 U.S. 310, 318 (1945)) (internal quotations marks omitted).

4

the forum state.[24] Effectively, a court must find that the corporation is "essentially at home" in the forum to justify the exercise of general jurisdiction.[25] Courts have applied the *Daimler* rules to limited liability companies with "equal force."[26]

On the other hand, a court may exercise specific jurisdiction when a plaintiff's claim relates to, or arises out of, the defendant's contacts with the forum.[27]

> Under specific jurisdiction, the relevant inquiry is: (1) whether the defendant purposefully directed its activities at the forum; (2) whether the litigation arises out of or relates to at least one of the contacts; and (3) whether the exercise of jurisdiction otherwise comports with traditional notions of fair play and substantial justice.[28]

With regard to the second element of specific jurisdiction, the relatedness requirement, the Third Circuit "held that but-for causation was a necessary requirement for establishing relatedness

---

[24] *Reliance Steel Products Co. v. Watson. Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982) (quoting *Compagnie des Beauxites de Guinea v. Ins. Co. of N. Am.*, 651 F.2d 877, 890 (3d Cir. 1981) (Gibbons, J., dissenting)); *see also Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987).

[25] *Daimler*, 571 U.S. at 119.

[26] *Finn v. Great Plains Lending, LLC*, No. 15-4658, 2016 WL 705242, at *3 n.3 (E.D. Pa. Feb. 23, 2016) ("Although the language of Daimler speaks only in terms of corporations, the subsidiary at issue in Daimler was Mercedes-Benz USA, LLC ("MBUSA") . . . Even though MBUSA is an LLC, the Court looked to MBUSA's place of incorporation and principal place of business to determine whether it was essentially at home in California and thus subject to general jurisdiction in the State."); *see, e.g.*, *Hallmark Industries, Inc. v. Hallmark Licensing, LLC*, No. 17-4886, 2018 WL 1459502, at *3 (D.N.J. Feb. 15, 2018); *Gordet v. Chryslergroup LLC*, No. 15-1470, 2015 WL 6407959, at *3–4 (D.N.J. Oct. 21, 2015).

[27] *Helicopteros*, 466 U.S. at 425.

[28] *Walburn v. Rovema Packaging Machines, L.P.*, No. 07-3692, 2008 WL 852443, at *4 (D.N.J. March 28, 2008) (quoting *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007)).

between a defendant's purposeful contacts and each specific cause of action."[29] "As the name indicates, this standard is satisfied when the plaintiff's claim would not have arisen in the absence of the defendant's contacts," with the chosen forum.[30] But-for causation alone, however, is not sufficient to "create the required nexus between purposeful contacts and a plaintiff's claims."[31] The causal connection must "be intimate enough to keep the *quid pro quo* proportional and personal jurisdiction reasonably foreseeable."[32]

If the Court finds that the original venue is improper, it may either dismiss or if it is in the interest of justice, *sua sponte* transfer the case to a proper district.[33]

## IV. DISCUSSION

The Swifts argue venue is improper in this District because the Court cannot exercise general or specific jurisdiction over it, and none of the events giving rise to the claim occurred in New Jersey.[34] In the alternative, Swifts contend that the Court should dismiss the case for lack of personal jurisdiction, or transfer the case to the Middle District of Florida under Section 1631.[35]

As a preliminary matter, courts generally consider personal jurisdiction before venue, but a "court may reverse the normal order" when the answer to the venue question "resolves" the

---

[29] *Med. Transcription Billing Corp. v. Bronx-Lebanon Hosp. Ctr.*, No. 12-1028, 2012 WL 2369425, at *3 (D.N.J. June 20, 2012).

[30] *O'Connor*, 496 F.3d at 319.

[31] *Bronx-Lebanon*, 2012 WL 2369425, at *3.

[32] *Id.* (citations omitted) (internal quotation marks omitted).

[33] *See* 28 U.S.C. § 1406.

[34] (D.E. 4-1, Defs.' Br., at 16).

[35] (D.E. 4-1, Defs.' Br., at 17).

case.[36] For the reasons stated below, because the Court finds that venue is improper in this District, the Court need not address the Swifts' motion to dismiss for lack of personal jurisdiction.

Turning then to whether venue is proper in this District, Mr. and Ms. Griggs summarily conclude that venue is proper in New Jersey because Mr. Griggs III was a New Jersey resident and Ms. Griggs, Co-Administratrix of the estate, is a New Jersey resident.[37] Axiomatically, however, personal jurisdiction focuses on a defendant's residence and activities in the forum state rather than the plaintiff's.[38] Under the venue statute,[39] corporations reside "in any judicial district in which such a defendant is subject to the court's personal jurisdiction."[40]

Looking at the facts in the light most favorable to Mr. and Ms. Griggs, the Court finds that the Swifts' activities in New Jersey are not sufficient to maintain an exercise of general jurisdiction. For a corporation or limited liability company,[41] the "paradigm" for general jurisdiction is its place of incorporation or registration and its principal place of business.[42] Here, Arizona is Swift Transportation's place of incorporation and the location of its principal place of

---

[36] *Stalwart Capital, LLC*, 2012 WL 1533637, at *3 (quoting *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979)) (internal quotations marks omitted); *see also Warehouse Solutions, Inc. v. Integrated Logistics, L.L.C.*, No. 09-5771, 2011 WL 2489892, at *2 (D.N.J. May 19, 2011) (citing *Bliss Network Management v. Hunter EMS, Inc.*, No. 10-6550, 2011 WL 773236, at *2 (D.N.J. Feb. 28, 2011)).

[37] (D.E. 1, Compl., at ¶ 8).

[38] *See* 28 U.S.C. § 1391(b)(1); 28 U.S.C. § 1391(c)(2); *Walden v. Fiore*, 571 U.S. 277, 284–85 (2014) (reaffirming that minimum contacts inquiry is defendant-focused so that the defendant's due process rights are not violated).

[39] *See* 28 U.S.C. § 1391(b).

[40] 28 U.S.C. § 1391(c)(2).

[41] *Finn*, 2016 WL 705242, at *3 n.3.

[42] *Daimler*, 571 U.S. at 137.

business, whereas Delaware is Swift Arizona's place of registration, with its principal place of business in Arizona.[43]

Since neither paradigm applies, the Court must determine "whether [the] corporation's affiliations with the State are so continuous and systematic as to render it essentially at home,"[44] in New Jersey. Mr. and Ms. Griggs summarily conclude that the Swifts are subject to general jurisdiction in New Jersey.[45] After reviewing the Complaint and briefs, the Court concludes that the Swifts are not "essentially at home" in this District.[46] The Swifts' activities within New Jersey are relatively trivial in comparison to its total operations.[47] Although the Swifts maintain a facility in New Jersey[48] which holds approximately 50 loading bays with 47 trailers,[49] they also "operate nearly 20,000 trucks [and] has over forty full-service facilities" in other states.[50] Accordingly, the Swifts are not subject to general jurisdiction in New Jersey.

Furthermore, the Court cannot conclude that specific jurisdiction exists over the Swifts. The Swifts' "purposefully directed [their] activities at the forum"[51] because the Swifts are property

---

[43] (D.E. 1, Compl., at ¶ 4).

[44] *Daimler*, 571 U.S. at 139.

[45] In their Brief, Mr. and Ms. Griggs do not discuss the principles general jurisdiction. They only discuss the principles of specific jurisdiction.

[46] *Daimler*, 571 U.S. at 127.

[47] *Id.* at 139.

[48] *Id.*

[49] (D.E. 7, Pls.' Opp'n, at 4).

[50] (D.E. 1, Compl., at ¶4).

[51] *O'Connor*, 496 F.3d at 317.

and business owners in New Jersey.[52] Nevertheless, Mr. and Ms. Griggs fail to make a *prima facie* showing that the Swifts' contacts with New Jersey were a "but-for" cause of their claims.[53]

They summarily conclude that specific jurisdiction exists because Mr. Verdier was transporting a motor freight on behalf of the Swifts at the time of the accident, but fail to allege any connection with New Jersey.[54] It appears that their claims would have arisen even in the absence of the Swifts' contacts in New Jersey.[55] Consequently, the Court need not evaluate the last element, the fair play and substantial justice requirement.[56] Taken together, venue is improper under Section 1391(b)(1) because the Court cannot exercise general or specific jurisdiction over the Swifts.[57]

Next, under Section 1391(b)(2), courts consider whether "a substantial part of the events . . . giving rise to the claim" occurred in the forum state.[58] As discussed above, the accident occurred in Florida,[59] Mr. Verdier lives in Florida,[60] and the Florida authorities compiled the accident report and conducted the autopsy in Florida.[61] The statutory language "favors the defendant in a venue

---

[52] (D.E. 7, Pls.' Opp'n, at 4).

[53] *Bronx-Lebanon*, 2012 WL 2369425, at *3 (quoting *O'Connor*, 496 F.3d at 322–23).

[54] (D.E. 7, Pl.'s Opp'n, at 7).

[55] *See O'Connor*, 496 F.3d at 319.

[56] *See id*. at 324 (quoting *Int'l Shoe*, 326 U.S. at 316).

[57] *See* U.S.C. § 1391(b)(1).

[58] 28 U.S.C. § 1391(b)(2).

[59] (D.E. 10, Defs.' Rep., at 9).

[60] *Id.*

[61] (D.E. 4-5, Ex. C, Investigation Report; D.E. 4-7, Ex. E, Med. Exam'r Report).

dispute by requiring that the events or omissions supporting a claim be substantial."[62] In turn, because Mr. and Ms. Griggs fail to explain how any events that gave rise to the claim occurred in New Jersey, venue is improper in this District under Section 1391(b)(2).[63]

Lastly, under Section 1391(b)(3), the Court finds that venue is improper in this District because Mr. and Ms. Griggs could have originally brought the case in the Middle District of Florida since "a substantial part of the events . . . giving rising to the claim," *i.e.*, the accident, occurred entirely in Florida.[64] Taken together, venue is improper under Section 1391(b).

This conclusion, however, does not end the Court's analysis. The Swifts request transfer under Section 1631.[65] However, courts may transfer a case pursuant to Section 1631 only when the Court finds that it "does not possess personal jurisdiction over the defendant."[66] Although the Court analyzed personal jurisdiction for the purpose of venue, the Court did not rule on personal jurisdiction. Rather, the Court found that venue is improper under Section 1391(b).

Consequently, under Section 1406(a), the Court shall dismiss the case, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[67] The Court must assess whether (1) the action "could have been brought" in the Middle

---

[62] *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994) (internal quotations marks omitted).

[63] *See* 28 U.S.C. § 1391(b)(2).

[64] (D.E. 4-5, Ex. C, Investigation Report).

[65] (D.E. 4-1, Defs.' Br., at 17).

[66] *Doe v. Chiquita Brands Int'l, Inc.*, No. 07-3406, 2018 WL 497322, at * 2 (D.N.J. Jan. 19, 2018) (quoting *Covelman v. Hotel St. Regis*, No. 14-5757, 2016 WL 762661, at *1 (D.N.J. Feb. 25, 2016) (internal quotations marks omitted).

[67] 28 U.S.C. § 1406.

District of Florida; and (2) whether it is "in the interest of justice" to transfer the case there rather than dismiss it for improper venue.[68] Congress enacted Section 1406(a) to "avoid the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess as to the facts underlying the choice of venue."[69] It aims "to save the parties' time and resources" when the venue is improper.[70]

The Court finds that Mr. and Ms. Griggs could have brought the action in the Middle District of Florida. Because the Court has already determined that the accident giving rise to the claim occurred in the Middle District of Florida, the Court finds that the Swifts will likely be subject to personal jurisdiction in that District, and thus constitutes a proper venue.[71] Rather than dismiss Mr. and Ms. Griggs' Complaint merely because of their "counsel's erroneous guess"[72] as to proper venue, the Court finds it is in the interest of justice to transfer the case to the Middle District of Florida.[73]

---

[68] *Id.*

[69] *Eviener v. Eng*, No. 12-2245, 2013 WL 6450284, at *5 (D.N.J. Dec. 6, 2013) (citations omitted).

[70] *Konica Minolta, Inc. v. ICR Company d/b/a iCRco, Inc.*, No. 15-1446, 2015 WL 9308252, at *5 (D.N.J. Dec. 22, 2015).

[71] 28 U.S.C. § 1391(b)(2).

[72] *Eviener*, 2013 WL 6450284, at *5.

[73] *See* 28 U.S.C. § 1406.

## V. CONCLUSION

For the foregoing reasons, the Court *sua sponte* transfers this case to the Middle District of Florida under Section 1406.[74] Consequently, the Court terminates the Swifts' motion to dismiss as **MOOT**. An appropriate order follows.

### ORDER

**IT IS** on this Thursday, August 16, 2018,

1. **Ordered** that the Clerk of the Court transfer this action to the Middle District of Florida; and it is further

2. **Ordered** that the Clerk of the Court shall terminate Swift's motion to dismiss, (D.E. 4), as **MOOT**.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

8/16/2018 5:28:37 PM

Original: Clerk of the Court
Hon. Madeline Cox Arleo, U.S.D.J.
cc: All parties
    File

---

[74] *Id.*